UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
ZACHARY SCOTT OVEL,             )
                                )    Bankruptcy No. 06-01150
     Debtor.                    )
                                )
_____  )
                                )
RENEE HANRAHAN, Trustee         )
                                )    Adversary No. 08-09032
     Plaintiff,                 )
                                )
vs.                             )
                                )
COMMUNITY SAVINGS BANK,         )
EDGEWOOD, IOWA,                 )
                                )
     Defendant.                 )

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
(11 U.S.C. § 550)**

This matter came before the undersigned on May 23, 2008 pursuant to assignment. Attorney Eric Lam appeared for Plaintiff/Trustee Renee Hanrahan. Attorney Ray Terpstra appeared for Defendant Community Savings Bank. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

Trustee's complaint seeks to avoid a mortgage granted by Debtor's mother, Michele Miller, to Defendant Community Savings Bank. Debtor deeded a lot to Ms. Miller, at 3618 Kegler Court SE. Ms. Miller then granted the Bank a mortgage for a construction loan of up to $315,000. Trustee has avoided the transfer from Debtor to Ms. Miller in Adv. 07-09053 pursuant to a default judgment and Ms. Miller has executed a Quit Claim Deed for the property in favor of Trustee. Trustee's complaint herein asserts the Bank is an immediate or mediate transferee from Ms. Miller and the mortgage should likewise be avoided.

The Bank's answer asserts as an affirmative defense that Trustee has already received satisfaction for the transfer by avoidance of Debtor's deed to Ms. Miller. It argues that § 550(d) provides Trustee is only entitled to a single satisfaction. The Bank also asserts it extended credit to Ms.

Miller in good faith to finance construction of a residence on the bare lot conveyed by Debtor to Ms. Miller.

Trustee moves for partial summary judgment on the Bank's "single satisfaction" defense.  She argues that when Debtor deeded the property to Ms. Miller, there was no lien on it.  She asserts she must receive the property back in the same condition in order to be "satisfied."  Trustee asks that the Bank's § 550(d) affirmative defense be stricken.  She also requests summary judgment that the Bank is an immediate or mediate transferee under § 550(a)(2).

The Bank resists.  It does not acquiesce to being a subsequent transferee under § 550(a)(2).  It argues Trustee has received the value of the avoidable transfer through Ms. Miller's Quit Claim Deed.  The Bank extended construction financing of $312,125 and has a mortgage lien on the property.  It asserts that Trustee will receive the equity in the real estate when it is sold, which is more than the property was worth when Debtor transferred it to Ms. Miller as a bare lot.  The Bank states the lot was appraised at $65,000 at the time of the transfer and is now appraised at $493,500.

## CONCLUSIONS OF LAW

Under § 550, once a transfer is avoided, the trustee may recover the property transferred or the value of such property. In re Schwartz, 383 B.R. 119, 128 (B.A.P. 8th Cir. 2008); 11 U.S.C. § 550(a).  A trustee may seek this recovery from either the initial transferee or from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a)(2). In In re Sherman, 67 F.3d 1348, 1356 (8th Cir. 1995), the debtors transferred real estate to their parents, who took out mortgages on the property.  The court held that the bank mortgagee was an immediate transferee under § 550(a)(2) of a security interest from the parents.  Id.; see also In re Altmeyer, 268 B.R. 349, 354 (Bankr. W.D.N.Y. 2001) (finding bank mortgagee liable to trustee as subsequent transferee of husband who received deed from debtor wife).

Section 550(d) states:  "The trustee is entitled to only a single satisfaction under subsection(a)."  In other words, the trustee cannot obtain more than the full value of an avoided transfer by recovering that value from both the initial transferee and a subsequent transferee.  In re Prudential of Florida Leasing, Inc., 478 F.3d 1291, 197 (11th Cir. 2007).  The trustee may only collect from a subsequent transferee that which

2

has not been collected from the initial transferee.   In re
Lindell, 334 B.R. 249, 257 (Bankr. D. Minn. 2005).

The value of the property transferred is the value at the
time of transfer.  In re Da-Sota Elevator Co., 939 F.2d 654, 655
n.2 (8th Cir. 1991).  As in all types of valuation issues, the
value of the property transferred is a question of fact.  Id. at
657.  After demonstrating a right to avoid a transfer, a trustee
must also establish the amount of recovery under § 550(a).  In re
DLC, Ltd., 295 B.R. 593, 507 (B.A.P. 8th Cir. 2003).  "[T]he
purpose and thrust of § 550 is to restore the debtor's financial
condition to the state it would have been had the transfer not
occurred."  Id.   The appropriate damages are measured by the
value lost on the date the transfer was made.  In re Beshears,
196 B.R. 464, 468 (Bankr. E.D. Ark. 1996).

Trustee asserts that, like the situation in Sherman, she
should receive unencumbered title to the real estate Debtor
transferred to Ms. Miller because it was unencumbered at the time
of the transfer.  67 F.3d at 1358.  Unlike Sherman, however, Ms.
Miller received the mortgage loan from the Bank to pay for
construction of a house on the empty lot she received from
Debtor.  The Sherman the case does not discuss the value of the
dozen rental properties the debtors transferred to their parents,
either at the time of the transfer or at avoidance.

## ANALYSIS

Trustee is correct that the Bank is an immediate or mediate
transferee of Ms. Miller under § 550(a)(2) and is entitled to
summary judgment to that extent.  Trustee is not, however,
entitled to summary judgment striking the Bank's "single
satisfaction" defense.  As the record stands, the value of the
transfer of Debtor's property to Ms. Miller is not resolved.  The
parties allude to the relevant values in their filings.  As
valuations issues are issues of fact, however, the Court finds
that the record should be further developed as to valuation of
the transferred property.

Based on the foregoing law, it appears that if the current
value of the property, subject to the Bank's mortgage lien, is at
least as high as the value at the time of the transfer, Trustee
may not need to avoid the Bank's mortgage lien to receive
satisfaction under § 550(a).  Rather, the avoidance of Debtor's
deed to Ms. Miller and the Quit Claim Deed from Ms. Miller to
Trustee could sufficiently restore the value of the transferred
property to the bankruptcy estate.  After Trustee establishes the

value to which the estate is entitled, she can determine whether additional recovery is necessary to make the estate whole.

**WHEREFORE**, Trustee's Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.

**FURTHER**, Defendant Community Savings Bank is an immediate or mediate transferee of Ms. Miller pursuant to § 550(a)(2).

**FURTHER**, Trustee is not entitled to summary judgment striking the Bank's "single satisfaction" defense.

DATED AND ENTERED: June 10, 2008

_PAUL J. KILBURG_
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE