```
                   UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
ZACHARY SCOTT OVEL,               )
                                  )    Bankruptcy No. 06-01150
      Debtor.                     )
                                  )
RENEE HANRAHAN, Trustee,          )
                                  )    Adversary No. 08-09032
      Plaintiff,                  )
                                  )
vs.                               )
                                  )
COMMUNITY SAVINGS BANK,           )
EDGEWOOD, IOWA,                   )
                                  )
      Defendant.                  )
```

**ORDER RE: MOTION FOR FURTHER RELIEF**

Plaintiff/Trustee filed a Motion for Further Relief (F.R.B.P. 9024 & F.R.C.P. 60(b)(6)) on July 7, 2008 and Defendant filed a response on July 17, 2008. The Motion purports to seek clarification of the Court's June 10, 2008 Order Re: Motion for Partial Summary Judgment (11 U.S.C. § 550). Having reviewed that Order, the Motion for Further Relief, and the Response, the Court finds that Trustee's Motion should be denied.

Rule 9024 adopts Fed. R. Civ. P. 60(b) which defines the procedure for analyzing motions for relief from judgment or order. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). Trustee cites Rule 60(b)(6) and requests relief from the June 10, 2008 order for "any other reason that justifies relief." "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate [a] claim and have prevented the moving party from receiving adequate redress." Murphy v. Missouri Dept. of Corrections, 506 F.3d 1111, 1117 (8th Cir. 2007). Relief under this rule is exceedingly rare as it requires an "intrusion into the sanctity of a final judgment." In re Guidant Corp. Implantable Defibrillators Products Liability Litigation, 496 F.3d 863, 868 (8th Cir. 2007).

The June 10, 2008 Order concluded that Trustee is not entitled to summary judgment striking the Bank's "single satisfaction" defense. The Court noted that the value of the

transfer of Debtor's property to his mother, Michele Miller, remains unresolved. Trustee's Motion for Further Relief states that she has filed a Motion to Sell Real Estate, based on receipt of an offer to purchase the property for $425,000. She asks the Court to clarify the summary judgment order by ruling that Trustee and the bankruptcy estate are entitled to receive the value of the transfer before the remainder of sale proceeds are applied to pay off the Bank's loan. The Bank objects, asserting that, if it is determined to be a good faith transferee under § 550(e), it is entitled to recover first from net sale proceeds.

The issues raised and relief requested by the parties were not raised in the summary judgment proceedings. Trustee has not identified any exceptional circumstances which require relief from the June 10, 2008 Order under Rule 60(b)(6). That Order does not limit Trustee's ability to raise these issues when the time is right. The sale of the real estate has not yet been approved. This adversary proceeding is not yet ready for trial. Trustee is not entitled to relief from the summary judgment order as requested in the Motion for Further Relief.

**WHEREFORE**, Trustee's Motion for Further Relief (F.R.B.P. 9024 & F.R.C.P. 60(b)(6)) is DENIED.

DATED AND ENTERED: July 18, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

2